IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TAMMY WILLIAMS, PATRICIA SCHMIDT, JENNIFER DOUGHERTY, RICHARD TRAU, BONNIE WILSON, CATHY BEHRLL, KIT ZINSER, and GERALDINE WARNER, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION, PEORIA PUBLIC SCHOOLS DISTRICT 150, KEN HINTON, CHERYL ELLIS, CHARLES WARR, and ERIC THOMAS, <br><br> Defendants. | Case No. _____ <br><br> Equitable Relief Sought <br> Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs, TAMMY WILLIAMS, PATRICIA SCHMIDT, JENNIFER DOUGHERTY, RICHARD TRAU, BONNIE WILSON, CATHY BEHRLL, KIT ZINSER, and GERALDINE WARNER, by and through their attorneys, BENASSI & BENASSI, P.C., and as for their Complaint, state as follows:

### JURISDICTION

1. This action is brought pursuant to the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§1981, 1983 and 1988, *et seq.*

2. This Court has jurisdiction over Count I and Count II pursuant to 28 U.S.C. §1331 and §1343. Venue is proper pursuant to 28 U.S.C. §1391(b). The Central District of Illinois is the proper venue for this action because the events giving rise to this lawsuit occurred therein.

**PARTIES**

3. PLAINTIFF TAMMY WILLIAMS (herein WILLIAMS) is a citizen of the United States and the State of Illinois. At all times material herein, WILLIAMS has resided in the Central District of Illinois. WILLIAMS has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 20 years.

4. PLAINTIFF PATRICIA SCHMIDT (herein SCHMIDT) is a citizen of the United States and the State of Illinois. At all times material herein, SCHMIDT has resided in the Central District of Illinois. SCHMIDT has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 28 years.

5. PLAINTIFF JENNIFER DOUGHERTY (herein DOUGHERTY) is a citizen of the United States and the State of Illinois. At all times material herein, DOUGHERTY has resided in the Central District of Illinois. DOUGHERTY has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 25 years.

6. PLAINTIFF RICHARD TRAU (herein TRAU) is a citizen of the United States and the State of Illinois. At all times material herein, TRAU has resided in the Central District of Illinois. TRAU was employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 36 ½ years until he retired in 2009.

7. PLAINTIFF BONNIE WILSON (herein WILSON) is a citizen of the United States and the State of Illinois. At all times material herein, WILSON has resided in the Central District of Illinois. WILSON has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 20 years.

8. PLAINTIFF CATHY BEHRLL (herein BEHRLL) is a citizen of the United States and the State of Illinois. At all times material herein, BEHRLL has resided in the Central District of Illinois. BEHRLL has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 20 years.

9. PLAINTIFF KIT ZINSER (herein ZINSER) is a citizen of the United States and the State of Illinois. At all times material herein, ZINSER has resided in the Central District of Illinois. ZINSER has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 15 years.

10. PLAINTIFF GERALDINE WARNER (herein WARNER) is a citizen of the United States and the State of Illinois. At all times material herein, WARNER has resided in the Central District of Illinois. WARNER has been employed by PEORIA PUBLIC SCHOOLS DISTRICT 150 for 9 years.

11. At all times material herein, WILLIAMS, SCHMIDT, DOUGHERTY, TRAU, WILSON, BEHRLL, ZINSER, and WARNER are or have been teachers and/or staff members employed at Trewyn Middle School in Peoria, Illinois.

12. Defendant BOARD OF EDUCATION, PEORIA PUBLIC SCHOOL DISTRICT 150 (herein BOARD OF EDUCATION) is a politic body and corporation charged with the duty and responsibility of administering and operating public schools in the city of Peoria, which is located in the Central District of Illinois.

13. During all times material herein, DEFENDANT KEN HINTON (herein HINTON) was the Superintendent of DEFENDANT SCHOOL DISTRICT. He is sued individually and in his official capacity.

14. At all times material herein from approximately 2006 - December 2008, DEFENDANT CHERYL ELLIS (herein ELLIS) was the Principal of Trewyn Middle School. She is sued individually and in her official capacity.

15. At all times material herein, DEFENDANT CHARLES WARR (herein WARR) was the Assistant Principal of Trewyn Middle School. He is sued individually and in his official capacity.

16. From December 2008 to the present, DEFENDANT ERIC THOMAS (herein THOMAS) has been the Principal of Trewyn Middle School. He is sued individually and in his official capacity.

**COUNT I**
**RACE DISCRIMINATION**
**42 U.S.C. §§1981, 1983 and 14th Amendment of U.S. Constitution**
**AGAINST ALL DEFENDANTS**

17. HINTON, who is black, was hired as the interim Superintendent of District 150 in 2004 and then hired as Superintendent in 2005. Among other things, HINTON had the duty and responsibility to formulate policies, plans and programs, to keep the BOARD OF EDUCATION informed concerning said policies, plans and programs; and to recommend the employment and termination of employees to the BOARD OF EDUCATION and to assign and transfer employees.

18. The BOARD OF EDUCATION, with the recommendation of HINTON and others, adopted polices, practices and plans to increase the number of black teachers and staff within District 150; avoid lawsuits by black employees and citizens; and appease a large black community with numerous complaints. In response to these and other concerns, the BOARD OF EDUCATION implemented policies and practices that discriminated against white employees with respect to numerous aspects of their terms and conditions of employment.

19. In 2006, HINTON promoted and assigned ELLIS, who is black, to the position of principal of Trewyn Middle School and WARR, who is black, to the position of assistant principal of Trewyn Middle School.

20. In December 2008, after ELLIS was removed as principal and transferred to another school, HINTON promoted THOMAS, who is black, as principal of Trewyn Middle School to replace ELLIS.

21. ELLIS, WARR, and THOMAS, respectively, created, promoted, tolerated and subjected PLAINTIFFS and other white employees to a racially hostile work environment, subjected PLAINTIFFS and other white employees to disparate working conditions because of their race, and discriminated against PLAINTIFFS and other white employees because of their race.

22. Examples of the hostile work environment, disparate treatment and discrimination based on race to which the PLAINTIFFS and other white employees were subjected, include but are not limited to, the following:

    a. PLAINTIFFS and other white employees were repeatedly told that they did not have the skills or the competence to teach black children because they are white.

    b. PLAINTIFFS and other white employees were and are excluded from participating in school activities such as parent's night, PTO, chaperoning school dances and other activities because of their race. Black teachers and employees were and are not similarly excluded.

    c. PLAINTIFFS and other white employees have been criticized and reprimanded for their attire while black employees have not been criticized or reprimanded for wearing the same or less professional attire. In some instances, black employees

have been complimented for wearing the same attire for which white employees were criticized. One black employee regularly wore pajamas to the workplace with no action being taken to correct his attire.

d. PLAINTIFFS and other white employees have been frequently assaulted and deliberately injured by students with little or no disciplinary action being taken. In contrast, if a student engaged in similar conduct towards a black employee, they were disciplined and in some cases, reported to the police and/or arrested.

e. PLAINTIFFS and other white teachers and staff have been reprimanded for being one or two minutes late to their assignments. Black teachers and staff are routinely late for their assignments or do not show up at all and are not reprimanded or criticized.

f. PLAINTIFFS and other white employees are required to attend certain faculty and school related meetings whereas black teachers and staff are not required to attend these same meetings and are allowed to openly refuse to attend these meetings. Black employees are allowed to openly sleep though the school's meetings without criticism.

g. PLAINTIFFS and other white teachers and staff were repeatedly undermined and not supported when attempting to do their duties. Students who are sent to the office by white teachers for fighting, swearing and other misbehavior are not disciplined and are routinely returned to the classroom the same period, thereby causing more disruption. Students who are sent by black teachers are disciplined and not sent back to the classroom.

h. PLAINTIFFS and other white teachers who send written referrals to the office have

their referrals returned repeatedly for bogus reasons to avoid taking action to discipline the students who are being referred. Identical referrals sent to the office by black teachers are processed.

i. PLAINTIFFS and other white employees are criticized and reprimanded in numerous ways that black teachers and staff are not. A white teacher who informed a student that she was getting on her nerves was criticized for making this statement. Black teachers and staff members who swear at students, threaten to shoot them, hit them, grab them in anger, use the word "fuck or fucking" when talking to them, call disabled students names such as "one leg" and engage in similar conduct are allowed to do so with impunity and no discipline.

j. PLAINTIFFS and other white employees are told they need to develop a thicker skin and they need to understand black culture when students swear and use vulgarity at white teachers. In contrast, when a student called a black staff member a vulgar name, the staff member hit him. No discipline was given to the black staff member.

k. Black teachers and staff are provided free food from the school cafeteria where PLAINTIFFS have been denied the same and must pay for food even when it is being thrown away.

l. PLAINTIFFS and other white employees have been forbidden to eat in front of students although black teachers and staff members are allowed to do so frequently without limitation.

m. Black teachers and staff are being hired and assigned based on race instead of qualification. Race, not competence, is the criteria applied to everything from hiring

to discipline. For example, ELLIS instructed one of the PLAINTIFFS to call a black substitute teacher rather than two well qualified white teachers because black teachers allegedly could deal with the students at Trewyn better than the whites. ELLIS also refused to consider hiring well-qualified white secretaries and instead hired an unqualified black secretary for the position.

n. PLAINTIFFS have been denied the opportunity to take educational classes, have had their paid extra curricular activities taken away and given to less qualified black employees, have had their class assignments taken away and given to unqualified black employees and have been denied assignments that were given to less qualified black employees because of their race.

o. PLAINTIFFS and other white employees have been subjected to other disparate working conditions because of their race in ways that are too numerous to recite herein.

p. Five PLAINTIFFS, DOUGHERTY, TRAU, BEHRLL, ZINSER, and WARNER as well as other experienced and dedicated white teachers, have left Trewyn and/or retired before they intended because of the hostile work environment, discrimination and retaliation to which they have been subjected.

q. PLAINTIFFS complained to appropriate school officials about the hostile work environment and race discrimination to which they and other white employees were subjected. No reasonable or effective remedial action was taken, and the conduct continued.

23. PLAINTIFF and other white employees have suffered illnesses, physical injuries, mental distress, emotional pain and suffering, humiliation and other damages because of DEFENDANTS' conduct.

24. As a result of the discrimination against PLAINTIFFS, they have incurred monetary losses including but not limited to lost wages and lost benefits. In addition, PLAINTIFFS have suffered emotional distress and pain and suffering, humiliation, physical illness and other non-economic damages.

25. DEFENDANTS' actions were and are willful, malicious and in reckless disregard of PLAINTIFFS' statutory and constitutional rights under law.

WHEREFORE, PLAINTIFFS pray:

a. That all DEFENDANTS, upon a trial by jury, be adjudicated to have violated 42 U.S.C. §§ 1981, 1983 and the 14th Amendment.

b. That PLAINTIFFS be awarded appropriate damages to compensate them for their economic damages, including any and all back pay and all other benefits, and/or other appropriate relief to which they are entitled by virtue of DEFENDANTS' violations;

c. That PLAINTIFFS be awarded non-economic compensatory damages in an appropriate amount and as allowed by law;

d. That PLAINTIFFS be awarded prejudgment interest on the above damages;

e. That PLAINTIFFS be awarded punitive damages in an appropriate amount and as allowed by law against all individual DEFENDANTS.

f. That the Court award PLAINTIFFS their reasonable attorneys' fees, costs, and litigation expenses;

g. That the Court grant PLAINTIFFS such other and further relief as it deems just.

## COUNT II
## RETALIATION
## 42 U.S.C. §§1981
## AGAINST ALL DEFENDANTS

26.  PLAINTIFFS reallege Paragraphs 1-24 of Count I and incorporate them by reference into Count II.

27.  PLAINTIFFS, individually and collectively attempted to correct the above-described conduct and reported, protested, and opposed the above-described conduct to HINTON, ELLIS, WARR, and THOMAS, members of the BOARD OF EDUCATION, and other school administrators, officials and representatives to no avail. Instead, the conduct continued with no reasonable or effective action to correct the conduct being taken. HINTON and members of the BOARD OF EDUCATION deliberately turned a blind eye and refused to take appropriate corrective action. Because of this protected activity by PLAINTIFFS, ELLIS, WARR, and THOMAS actively and purposely retaliated against PLAINTIFFS. This retaliatory conduct includes but is not limited to the conduct described in Paragraph 22 of Count I above.

28.  In addition to the conduct described in paragraph 22 of Count I, ELLIS, WARR and THOMAS have also retaliated against PLAINTIFFS by:

   a.  Delaying reimbursements and pay for extra curricular activities.

   b.  Refusing to provide them with school supplies.

   c.  Taking away classrooms, programs, job assignments and educational opportunities.

   d.  Interfering with sick leave and refusing to provide substitutes when a PLAINTIFF was going to be absent.

e. Openly accusing PLAINTIFFS of being troublemakers and problems because of their opposition to illegal conduct and other protected activities.

f. Taking actions to punish PLAINTIFFS and to make their working conditions intolerable.

WHEREFORE, PLAINTIFFS pray:

a. That all DEFENDANTS, upon a trial by jury, be adjudicated to have violated 42 U.S.C. § 1981.

b. That PLAINTIFFS be awarded appropriate damages to compensate them for their economic damages, including but not limited to all back pay and all other benefits, and/or other appropriate relief to which they are entitled by virtue of DEFENDANTS' violations

c. That PLAINTIFFS be awarded non-economic compensatory damages in an appropriate amount and as allowed by law;

d. That PLAINTIFFS be awarded prejudgment interest on the above damages;

e. That PLAINTIFFS be awarded punitive damages in an appropriate amount and as allowed by law against all individual DEFENDANTS.

f. That the Court award PLAINTIFFS their reasonable attorneys' fees, costs, and litigation expenses;

g. That the Court grant PLAINTIFFS such other and further relief as it deems just.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Dated in Peoria, Illinois this 16th day of December, 2009.

Respectfully submitted,

TAMMY WILLIAMS, PATRICIA SCHMIDT, JENNIFER DOUGHERTY, RICHARD TRAU, BONNIE WILSON, CATHY BEHRLL, KIT ZINSER, and GERALDINE WARNER, Plaintiffs

By:   s/ Patricia C. Benassi
     Patricia C. Benassi, Esq., Bar No. 24185
     Athena M. Herman, Esq., Bar No. 94873
     Attorneys for Plaintiff
     BENASSI & BENASSI, P.C.
     300 N.E. Perry Avenue
     Peoria, Illinois 61603
     Telephone: (309) 674-3556
     Fax: (309) 674-7989
     Email: patricia@benassi.com
     Email: athena@benassi.com