IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TAMMY WILLIAMS, PATRICIA SCHMIDT, JENNIFER DOUGHERTY, RICHARD TRAU, BONNIE WILSON, CATHY BEHRLL, KIT ZINSER, and GERALDINE WARNER. <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION, PEORIA PUBLIC SCHOOLS DISTRICT 150, KEN HINTON, CHERYL ELLIS, CHARLES WARR, and ERIC THOMAS <br><br> Defendants. | Case No. 09-1410 |

## **ORDER**

This matter is now before the Court on Defendants' Motion to Dismiss the Complaint. For the reasons set forth below, the Motion [#12] is GRANTED in part and DENIED in part.

## **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1334, as the claims asserted arise pursuant to 42 U.S.C. § 1981, 1983, and 1988.

## **BACKGROUND[1]**

Plaintiffs are white teachers who have worked for Peoria Public Schools District 150 ("District 150"). They are either currently employed by District 150 or have recently retired. Ken Hinton ("Hinton") served as the Superintendent or interim Superintendent of District 150 from 2004-2010. Cheryl Ellis served as the Principal of Trewyn Middle School from 2006 until

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiffs' Complaint and presumed to be true for purposes of resolving this motion.

2008 when Eric Thomas assumed the position. Charles Warr was the Assistant Principal at Trewyn Middle school.

During this period, District 150 and the Board of Education allegedly adopted certain policies meant to: 1) avoid lawsuits by black employees and citizens; 2) appease the district's large black community; and 3) increase the number of black teachers and staff in District 150. Plaintiffs allege that they were discriminated and retaliated against as a result of these policies. On December 17, 2009, Plaintiffs filed a Complaint alleging that Defendants discriminated against them due to their race and retaliated against them when Plaintiffs attempted to correct the discriminatory practices.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased the standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For the purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc.,

___, 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed R. Civ. P. 8(e)(1). The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct 1937, 1953 (2009). "Nonetheless, a plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Reger Development, LLC v. National City Bank, 592 F.3d 759, 764 (7th Cir. 2010) (internal quotations omitted). The Seventh Circuit has summarized these requirements in a two-part test: 1) the complaint must have "sufficient detail to give the defendant 'fair notice' of the grounds the claim is based upon, and 2) the complaint must suggest that the party has more than a 'speculative' right to relief." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Defendants argue that Plaintiffs' Complaint does not create a plausible claim for relief. Defendants contend that the Complaint is fundamentally flawed due to its composite nature. They assert that that the Complaint's composition makes it insufficiently detailed to provide notice and undermines the Complaint's plausibility. Defendants also allege that the Complaint does not adequately establish a hostile work environment or an adverse employment action.

Finally, Defendants assert that Plaintiffs fail to meet the <u>Monell</u> standard for the claims against governmental entities.

I. Plaintiffs Plead Sufficient Details to Put Defendants on Notice

Defendants claim that Plaintiffs failed to plead sufficient facts to put Defendants on notice because the facts are not specific to any of the parties. Defendants cite to <u>Concentra</u> in support of their contention. However, Defendants misread <u>Concentra</u> as requiring a much more detailed pleading than the Seventh Circuit found necessary. The Court of Appeals did not require Plaintiffs to list details specifying which people were involved in each action. <u>See</u> <u>Concentra</u>, 496 F.3d at 781. Rather, the court based its decision that the complaint lacked sufficient detail on the fact that it did not contain what the plaintiff had complained about that resulted in retaliation. <u>Id.</u> The court also suggested a few ways that the plaintiff could have corrected his retaliation claim. <u>Id.</u> He could have stated that he "complained that Concentra denied employees promotions because of their race" or that he "complained that Concentra supervisors were subjecting female employees to a hostile work environment." <u>Id.</u> Notably, both of these compelling examples refer to multiple defendants. <u>Id.</u> Although a complaint must contain more than just a bald reference to "protected activity" or "discrimination," the facts alleged provide notice if they identify the type of protected activity or discrimination. <u>Id.</u> at 781-82.

In their Complaint, Plaintiffs do far more than what the court required in <u>Concerta</u>. In Count I, Plaintiffs claim that they were discriminated against and received disparate treatment because of their race. In Count II, Plaintiffs claim that they were retaliated against for attempting to correct these discriminatory policies. Not only do Plaintiffs offer the specifics of their claim, they also identify at least fifteen different ways in which the discrimination and retaliation was

4

manifested.  Although they do not identify which specific parties were not allowed to chaperone a dance or were barred from participating in parents night, Plaintiffs provide more than adequate detail to put Defendants on notice of what type of claim they will be litigating.  The Motion to Dismiss is therefore denied in this respect.

II. The Composite Nature of Plaintiff's Complaint Does Not Render their Claims Implausible

Defendants assert that even if the composite nature of the Complaint gives them sufficient notice, the allegations do not lead to a plausible inference that relief will be granted.  In Ashcroft v. Iqbal, the Supreme Court held that, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. at 1950.  Plausibility is somewhere between possibility and probability; thus, the facts of the complaint must only establish some reason to infer that claim is true. See Id.  In making this determination, the Court must accept the Plaintiffs' statements as true but is not required to give the same deference to legal assertions. Id.

Defendants argue that it is not plausible that each of the defendants committed all of the alleged discriminatory acts against all of the plaintiffs.  If Plaintiffs had simply said that Defendants implemented policies that discriminated against them, then this bald assertion would be akin to Iqbal's rejected legal conclusion.  However, Plaintiffs' descriptions of how they were collectively discriminated and retaliated against are factual assertions and must be accepted as true.  These assertions raise the claim's believability from merely possible to plausible, and further development as to which allegations apply to particular plaintiffs and defendants will occur in discovery.

III. Plaintiffs Present Sufficient Evidence of a Hostile Work Environment

Defendants contend that Plaintiffs do not provide sufficient allegations of a hostile work environment to survive a motion to dismiss because: 1) the composite nature of the allegations renders them insufficient as a matter of law and 2) the allegations are not sufficiently severe. The first assertion is rejected for the same reasons as discussed in Section II, above.

A hostile work environment "is one that a reasonable person would find hostile or abusive." Adusumilli v. City of Chicago, 164 F.3d 353, 361 (7th Cir. 1998). This is a malleable standard that bends based upon what a reasonable person would believe under the case's specific circumstances. Defendants cite to several cases in support of their proposition. However, all of these decisions were made much later in the trial process. At this stage, the Court must simply determine if there is notice and plausibility. Reger, 592 F.3d at 764, citing Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). Plaintiffs' detailed account unquestionably notifies Defendants of their claims. Plaintiffs' allegations that they were denied educational opportunities, a chance to participate in school activities, and the disciplinary protection afforded to other teachers also make it plausible that a reasonable person would find their work environment hostile. Consequently, the Court cannot dismiss Plaintiffs' Complaint on this basis.

IV. Plaintiffs Sufficiently Plead an Adverse Employment Action

The Court uses the Title VII test for § 1981 discrimination claims. Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 176 (7th Cir. 1996). A plaintiff must demonstrate that the discrimination was intentional either by direct proof or indirect proof. Eiland v. Trinity Hosp., 150 F.3d 747, 751 (7th Cir. 1998). Under the McDonnell-Douglas standard for establishing a prima facie case of indirect discrimination, the plaintiff must establish that: 1) he is a member of a protected class; 2) he performed satisfactorily; 3) he suffered an adverse employment action;

6

and 4) he was treated less favorably than employees who are similarly situated and part of the other group. Timmons v. Gen. Motors Corp., 469 F.3d 1122, 1126 (7th Cir. 2006).

An adverse employment action is not limited to termination or changes in compensation. See Tart v. Illinois Power Co., 366 F.3d 461, 473 (7th Cir. 2004). "This determination will depend on the particular facts in each case." Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002). It is not enough that the proposed action made the employee unhappy; the employee "must show that 'material harm has resulted from . . . the challenged actions." Id. (citing Haugerud v. Amery Sch. Dist., 259 F.3d 678, 692 (7th Cir. 2001).

Defendants essentially argue that the Plaintiffs cannot succeed unless they were fired, reassigned, passed over for a promotion, or constructively discharged. That assertion is inaccurate. The Seventh Circuit has repeatedly maintained that this standard is not categorical but case specific. See Tart 366 F.3d at 473; Traylor, 295 F.3d at 788. A change in job responsibilities, a lateral transfer, or an employer's failure to post important documents could be adverse employment actions under Title VII. Patt v. Family Health Sys., Inc., 280 F.3d 749, 753 (7th Cir. 2002). Even an undesirable change in a job's intellectual stimulation might constitute an adverse employment action under circumstances. See Dahm v. Flynn, 60 F.3d 253, 257 (7th Cir. 1994).

Consequently, this argument is premature at this juncture. "The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002). The Court, therefore, cannot dismiss Plaintiffs' Complaint on this ground and must await further factual development to determine if it rises to an actionable level.

V. Plaintiffs Sufficiently Plead Monell Claims against the Board of Education and District 150

Defendants also assert that Plaintiffs failed to plead sufficient facts to support their Monell claims. In Monell claims, government actors can only be sued for violating constitutional rights if the violations were committed pursuant to custom. Looper Maint. Serv., Inc. v. City of Indianapolis, 197 F.3d 908, 912 (7th Cir. 1999). Municipal policy can implicate constitutional rights in three ways: 1) an "express policy;" 2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage;" and 3) "the actions of a person with final policymaking authority." Id. (internal quotations omitted). In their response, Plaintiffs clarify that they only bring Monell claims against the School Board and District 150. Defendants spend a great deal of time examining Plaintiffs' initial statement that these entities implemented discriminatory and retaliatory policies and rely on Ashcroft v. Iqbal to support their contention. In doing so, Defendants mistake Ashcroft's application to this case.

In Aschroft, the Court held that the plaintiff failed to plead sufficient facts to make plausible the inference that two of the defendants had "adopted an unconstitutional policy" subjecting the plaintiff "to harsh conditions of confinement on account of his race, religion, or national origin." Ashcroft, 129 S.Ct. at 1943. In order to eventually succeed in his claim, the plaintiff would have to prove that the governmental officials acted "with discriminatory purpose" in implementing these policies. Id. at 1949. Under the case's specific circumstances, the Court found that the plaintiff had not pled sufficient facts to make it plausible that the government officials had acted with discriminatory purpose in targeting Muslim men, when it was much more likely that the defendants had adopted these policies for national security purposes. Id. at

8

1952 ("As between that 'obvious alternative explanation' for the arrests, Twombly, supra, at 567, 127 S.Ct. 1955, and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion."). Here, there is no similar countervailing explanation of the alleged discriminatory practices that makes the discriminatory policy implausible. The discrimination and retaliation allegations are sufficient to place Defendants on notice of the basis of this claim. Consequently, the Complaint's detailed list of discriminatory actions makes it plausible that the school board implemented policies targeting white employees, and the Court cannot dismiss Plaintiffs' Complaint against the School Board and District 150.

VI. Redundant Claims Stricken

Both parties agree that the redundant claims should be stricken. As a result, the Court dismisses the claims against individual Defendants in their official capacity.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [#12] is GRANTED in part and DENIED in part. It is granted as to the official capacity claims asserted against Defendants Hinton, Ellis, Warr, and Thomas, and denied in all other respects.

ENTERED this 30th day of July, 2010.

                                                                      s/ Michael M. Mihm_____
                                                                      Michael M. Mihm
                                                                       United States District Judge